# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

<u>MEMORANDUM</u>

TO:     Bankruptcy Appellate Panel of the Ninth Circuit
           125 S. Grand Avenue
           Pasadena, California 91105

FROM:    Division / District/Office No.:

DATE:

SUBJECT:   Transmittal

---

Case Name:

Bankruptcy No.:

Adversary No.:

Bankruptcy Judge:

Date Notice of Appeal Filed:

Date Motion for Leave to Appeal Filed:

Date of Entry of Order Appealed:

Date Bankruptcy Filed:

Date Notice of Appeal and Notice of Objection Period Mailed to Parties:

Appeal Fee Paid:

Date of Transmittal:

                                              Clerk of Court

                                  By: _____
                                             Deputy Clerk

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| In Re | Chapter |
|---|---|
| | Case No. |
| Debtor(s) | Adv. |
| Appellant(s) | |
| v. | **NOTICE OF FILING OF APPEAL AND NOTICE OF REFERRAL OF APPEAL TO THE BANKRUPTCY APPELLATE PANEL** |
| Appellee(s) | |

YOU ARE HEREBY NOTIFIED that a Notice of Appeal has been filed on _____ with the Clerk of the U.S. Bankruptcy Court. By virtue of Orders of the Judicial Council of the Ninth Circuit, the above appeal has been referred to the United States Bankruptcy Appellate Panel of the Ninth Circuit (BAP).

Any party desiring to object to such referral must do so in conformity with the foregoing orders and their provisions for reference to the BAP, a copy thereof being hereto attached.

For further information, you may contact the Clerk of the Bankruptcy Appellate Panel at 125 S. Grand Avenue, Pasadena, California 91105, telephone (626) 229-7225.

NOTICE IS GIVEN TO THE APPELLANT that the Appellant shall, within 10 days of the filing of the Notice of Appeal, (see above), file with the Clerk of the U.S. Bankruptcy Court, 230 N. First Avenue, #101, Phoenix, AZ 85003, the following:

1. A designation of the items to be included in the record on appeal and serve a copy upon the appellee;
2. A statement of the issues to be presented and serve a copy upon the appellee; and
3. A written request for the transcript and deliver a copy to the court reporter where the record designated includes a transcript of any proceeding or a part thereof.

Dated:                                        CLERK OF COURT

                                                      By: _____
                                                           Deputy Clerk

Copies to be mailed to attorneys for parties and pro se parties to the appeal by the BNC

Enclosures:   Copy of Notice of Appeal
                 Amended Order Establishing and Continuing the BAP

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

## **NOTICE TO PARTIES TO APPEAL**

1. Appeal is to the Bankruptcy Appellate Panel for the Ninth Circuit:

   a. Appeals from judgments or orders entered by bankruptcy judges are referred to the BAP unless the appellant has filed a separate written election to have the appeal transferred to the District Court at the time of the filing of the Notice of Appeal. See the November 18, 1988, as amended May 9, 2002, Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit.

   b. Designation of items to be included in the record on appeal and a statement of issues are to be filed with the bankruptcy clerk within ten days of the filing of the Notice of Appeal.

   c. <u>Do</u> <u>not</u> attach copies of the items designated. Copies of the items designated are <u>not</u> needed when the appeal is before the BAP. If the appeal is sent to the District Court, copies of the record are to be provided as set forth in Section 4 below.

2. Procedure When Appeal Remains at the BAP:

   a. Procedures for the processing of the appeal at the BAP are contained in the Rules of the United States Bankruptcy Appellate Panel of the Ninth Circuit. Copies of those rules are available online at www.ce9.uscourts.gov/bap or the Clerk of the BAP:

      Clerk of Court
      U.S. Bankruptcy Appellate Panel
      125 S. Grand Avenue
      Pasadena, CA 91105
      626-229-7225

3. Withdrawing consent to the BAP hearing and deciding the appeal:

   a. Appellant must have filed a separate written election to transfer the appeal to the District Court at the time the Notice of Appeal is filed with the Clerk of the Bankruptcy Court. The Clerk of the Bankruptcy Court will send the appeal directly to the District Court.

   b. All other parties to the appeal have 30 days from service of the Notice of Appeal to file with the Clerk of the BAP a written election to transfer the appeal to the District Court. The Clerk of the BAP, upon the filing of the election, will transmit the appeal to the District Court.

4. Procedure when an appeal is transmitted or transferred to District Court:

   a. Upon receipt of an appeal from the Clerk of the Bankruptcy Court or from the Clerk of the Bankruptcy Appellate Panel, the appeal is assigned a civil case number in the District Court. The District Court then sends a "Notice of Receipt of Appeal" to the parties to the appeal advising them of the civil case number assigned in the District Court.

   b. The bankruptcy appeal in the District Court is governed by the District Court Local Rules of Bankruptcy Appeal Procedure, as adopted on 12/1/2007. Please refer to those rules which are available at www.azd.uscourts.gov..

   c. When the statement of issues, designation of record and any designated transcripts are filed with the Bankruptcy Court, the Bankruptcy Court Clerk will transmit to the District Court a certificate that the record is complete. The date of transmittal to the District Court constitutes the date of the entry of the appeal on the docket in District Court.

   d. The record is retained in the Bankruptcy Court. Copies of the record are no longer required to be filed with the District Court. Instead, the parties include copies from the record in their Excerpts of Record filed as appendix to their briefs. See Local District Court Rule 8009-2.

**UNITED STATES BANKRUPTCY
APPELLATE PANEL OF
THE NINTH CIRCUIT**

**Effective November 18, 1988; as amended through May 9, 2002**

**AMENDED ORDER CONTINUING
THE BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

**JUDICIAL COUNCIL OF THE NINTH CIRCUIT AMENDED ORDER CONTINUING THE BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT**

1. **Continuing the Bankruptcy Appellate Panel Service.**

    (a) Pursuant to 28 U.S.C. § 158(b)(1) as amended by the Bankruptcy Reform Act of 1994, the judicial council hereby reaffirms and continues a bankruptcy appellate panel service which shall provide panels to hear and determine appeals from judgments, orders and decrees entered by bankruptcy judges from districts within the Ninth Circuit.

    (b) Panels of the bankruptcy appellate panel service may hear and determine appeals originating from districts that have authorized such appeals to be decided by the bankruptcy appellate panel service pursuant to 28 U.S.C. § 158(b)(6).

    (c) All appeals originating from those districts shall be referred to bankruptcy appellate panels unless a party elects to have the appeal heard by the district court in the time and manner and form set forth in 28 U.S.C. § 158(c)(1) and in paragraph 3 below.

    (d) Bankruptcy appellate panels may hear and determine appeals from final judgments, orders and decrees entered by bankruptcy judges and, with leave of bankruptcy appellate panels, appeals from interlocutory orders and decrees entered by bankruptcy judges.

    (e) Bankruptcy appellate panels may hear and determine appeals from final judgments, orders, and decrees entered after the district court from which the appeal originates has issued an order referring bankruptcy cases and proceedings to bankruptcy judges pursuant to 28 U.S.C. § 157(a).

2. **Immediate Reference to Bankruptcy Appellate Panels.**

Upon filing of the notice of appeal, all appeals are immediately referred to the bankruptcy appellate panel service.

3. **Election to District Court - Separate Written Statement Required.**

A party desiring to transfer the hearing of an appeal from the bankruptcy appellate panel service to the district court pursuant to 28 U.S.C. § 158(c)(1) shall timely file a separate written statement of election expressly stating that the party elects to have the appeal transferred from the bankruptcy appellate panel service to the district court.

(a) **Appellant:** If the appellant wishes to make such an election, appellant must file a separate written statement of election with the clerk of the bankruptcy court at the time of filing the notice of appeal. Appellant shall submit the same number of copies of the statement of election as copies of the notice of appeal. See Bankruptcy Rule 8001(a). When such an election is made, the clerk of the bankruptcy court shall forthwith transfer the case to the district court. The clerk of the bankruptcy court shall give notice to all parties and the clerk of the bankruptcy appellate panels of the transfer at the same time and in the same manner as set forth for serving notice of the appeal in Bankruptcy Rule 8004.

(b) **All Other Parties:** In all appeals where appellant does not file an election, the clerk of the bankruptcy court shall forthwith transmit a copy of the notice of appeal to the clerk of the bankruptcy appellate panels. If any other party wishes to have the appeal heard by the district court, that party must, within thirty (30) days after service of the notice of appeal, file with the clerk of the bankruptcy appellate panels a written statement of election to transfer the appeal to the district court. Upon receipt of a timely statement of election filed under this section, the clerk of the bankruptcy appellate panels shall forthwith transfer the appeal to the appropriate district court and shall give notice of the transfer to the parties and the clerk of the bankruptcy court. Any question as to the timeliness of an election shall be referred by the clerk of the bankruptcy appellate panels to a bankruptcy appellate panel motions panel for determination.

4. **MOTIONS DURING ELECTION PERIOD**

All motions relating to an appeal shall be filed with the bankruptcy appellate panel service unless the case has been transferred to a district court. The bankruptcy appellate panels may not dismiss or render a final disposition of an appeal within thirty (30) days from the date of service of the notice of appeal, but may otherwise fully consider and dispose of all motions.

### 5. PANELS

Each appeal shall be heard and determined by a panel of three judges from among those appointed pursuant to paragraph 6, provided however that a bankruptcy judge shall not participate in an appeal originating in a district for which the judge is appointed or designated under 28 U.S.C. § 152.

### 6. MEMBERSHIP OF BANKRUPTCY APPELLATE PANELS

The bankruptcy appellate panel shall consist of seven members serving seven-year terms (subject to reappointment to one additional three-year term). The judicial council shall periodically examine the caseload of the bankruptcy appellate panel service to assess whether the number of bankruptcy judges serving should change. Appointment of regular and pro tem bankruptcy judges to service on the bankruptcy appellate panel shall be governed by regulations promulgated by the Judicial Council.

(a) When a three-judge panel cannot be formed from the judges designated under subparagraph (a) to hear a case because judges have recused themselves, are disqualified from hearing the case because it arises from their district, or are otherwise unable to participate, the Chief Judge of the Ninth Circuit may designate one or more other bankruptcy judge(s) from the circuit to hear the case.

(b) In order to provide assistance with the caseload or calendar relief, or otherwise to assist the judges serving, or to afford other bankruptcy judges with the opportunity to serve on the bankruptcy appellate panels, the Chief Judge of the Ninth Circuit may designate from time to time one or more other bankruptcy judge(s) from the circuit to participate in one or more panel sittings.

### 7. CHIEF JUDGE

The members of the bankruptcy appellate panel service by majority vote shall select one of their number to serve as chief judge.

### 8. RULES OF PROCEDURE

(a) Practice before the bankruptcy appellate panels shall be governed by Part VIII of the Federal Rules of Bankruptcy Procedure, except as provided in this order or by rule of the bankruptcy appellate panel service adopted under subparagraph (b).

(b) The bankruptcy appellate panel service may establish rules governing practice and procedure before bankruptcy appellate panels not inconsistent with the Federal Rules of Bankruptcy Procedure. Such rules shall be submitted to, and approved by, the Judicial Council of the Ninth Circuit.

9. PLACES OF HOLDING COURT.

Bankruptcy appellate panels may conduct hearings at such times and places within the Ninth Circuit as it determines to be appropriate.

10. CLERK AND OTHER EMPLOYEES.

(a) Clerk's Office. The members of the bankruptcy appellate panel service shall select and hire the clerk of the bankruptcy appellate panel. The clerk of the bankruptcy appellate panel may select and hire staff attorneys and other necessary staff. The chief judge shall have appointment authority for the clerk, staff attorneys and other necessary staff. The members of the bankruptcy appellate panel shall determine the location of the principal office of the clerk.

(b) Law Clerks. Each judge on the bankruptcy appellate panel service shall have appointment authority to hire an additional law clerk.

11. EFFECTIVE DATE

This Order shall be effective as to all appeals originating in those bankruptcy cases that are filed after the effective date of this Order. For all appeals originating in those bankruptcy cases that were filed before October 22, 1994, the Judicial Council's prior Amended Order, as revised October 15, 1992, shall apply. This Order, insofar as just and practicable, shall apply to all appeals originating in those bankruptcy cases that were filed after the effective date of the Bankruptcy Reform Act of 1994, October 22, 1994, but before the date of this Order.

**IT IS SO ORDERED.**

**DATE: April 28, 1995; amended May 9, 2002.**

**United States Bankruptcy Court**
**District of Arizona**

**APPEALS**

**ORDERING AN OFFICIAL TRANSCRIPT**

An official transcript is a transcript that has been prepared by a designee of the Bankruptcy Court. (For appeal purposes, a tape cassette is not acceptable as a part of the Designation of Record.)

If you have designated a transcript of a Court proceeding in your Appeal documents, **it is your responsibility to order it** from the Bankruptcy Court ECR Operator (see list below). The order should be placed at the time you file your Statement of Issues and Designation of Record.

If you have filed an appeal and need a transcript of a hearing, please follow the steps below to obtain an "OFFICIAL" transcript:

1. Determine the date of the hearing.

2. Determine what portion of the hearing is needed. Do you need the entire hearing or only a specific portion of the hearing, (i.e., the judge's ruling).

3. Determine if the transcript is already on file with the Court. Any ECR Operator can advise you of this. If the transcript is already on file, the Court will determine if your check should be made payable to the Bankruptcy Court. If it is not on file, the ECR Operator can tell you who to contact to obtain one.

4. Each transcript ordered requires a deposit. This deposit varies and is dependent upon the estimated length of the transcript. If the transcript needs to be ordered, the ECR Operator will advise you of the correct way to issue your check and where to make payment.

5. Place your request for the transcript. File a "Notice of Request for Transcript" with the Bankruptcy Court. Be sure to indicate if the transcript was requested from the Court or the Court Reporting Agency.

6. When you receive the transcript, retain it to be included as part of your Designation of Record. Follow the procedures listed in the "Notice To Parties to Appeal" included in this packet. Because a courtesy copy of every transcript ordered is sent to the Court, it is not necessary for you to file the transcript with the Court.

Ordering Transcripts

**PHOENIX OFFICE CASES**

| | | |
|---|---|---|
| Judge Baum (RTB) | Juanita Pierson-Williams | (602) 682-4200 |
| Judge Case (CGC) | Melanie Riskus | (602) 682-4200 |
| Judge Curley (SSC) | Andamo Purvis | (602) 682-4200 |
| Judge Haines (RJH) | Sheri Fletcher | (602) 682-4200 |
| Judge Hollowell (EWH) | Transcript Request Line | (602) 682-4200 |
| Judge Marlar (JMM) | Transcript Request Line | (602) 682-4200 |
| Judge Nielsen (GBN) | Jo-Ann Stawarski | (602) 682-4200 |

**TUCSON OFFICE CASES**

| | | |
|---|---|---|
| Judge Marlar (JMM) | Bev Granillo | (520) 202-7990 |
| Judge Hollowell (EWH) | Eunice Stroud | (520) 202-7568 |

**YUMA OFFICE CASES**

| | | |
|---|---|---|
| Judge Hollowell (EWH) | Pat Hall | (928) 783-2288 |
| Judge Marlar (JMM) | Pat Hall | (928) 783-2288 |
| Judge Haines (RJH) | Sheri Fletcher | (602) 682-4200 |

Sabra Albritton
C/O 2160 E Fry Blvd.
Suite C-5 # 221
Sierra Vista, Arizona
[85603]

FILED

DEC 1 5 2008 

CLERK U.S. BANKRUPTCY
COURT, DIST. OF AZ

# U.S. Bankruptcy Court District of Arizona (Tucson)

| DEBTOR | |
|---|---|
| SABRA ALBRITTON Trustee | |
| STANLEY J KARTCHNER U.S. Trustee | No.4:08-bk-12559-JMM Chapter 7 |
| Against. | |
| Countrywide Home Loans, Inc. dba America's Wholesale Lender | NOTICE OF APPEAL |
| MOVANT | |

NOTICE IS GIVEN that Petitioner/ Debtor appeals to the Court of Appeals, Division 2 from the Judgment entered on December 08, 2008 in favor of Countrywide Home Loans, Inc. dba America's Wholesale Lender.

Page 1 of 2

12/18/2008

Dated: December 12, 2008

_____
Sabra Albritton

Arizona            )
                   ) ss ACKNOWLEDGMENT
Cochise County     )

On this 12th day of December, 2008, for the purpose of Verification of Signature only. I the undersigned Notary Public, being commissioned in the County noted above do declare the one known to me to be Sabra Albritton did execute this document and affix her Signature before me.

_____
Notary

DEBORAH A. PEDONE
NOTARY PUBLIC -- ARIZONA
COCHISE COUNTY
My Commission Expires
March 25, 2012

Page 2 of 2

12/18/2008

3

Sabra Albritton
C/O 2160 E Fry Blvd.
Suite C-5 # 221
Sierra Vista, Arizona
[85603]

FILED

DEC 1 5 2008

CLERK U.S. BANKRUPTCY
COURT, DIST. OF AZ

# U.S. Bankruptcy Court District of Arizona (Tucson)

DEBTOR

SABRA ALBRITTON
Trustee
STANLEY J KARTCHNER
U.S. Trustee

Against.

Countrywide Home Loans, Inc. dba America's Wholesale Lender

MOVANT

No.4:08-bk-12559-JMM Chapter 7

**CERTIFICATE OF SERVICE IN COMPLIANCE WITH RULE 4001 C**

I Sabra Albritton, herby certify that on the 12th day of December 2008 I served by mail a true copy of Notice of Appeal upon the following parties.

Page 1 of 3

12/18/2008

| | | |
|---|---|---|
| 1 | | |
| 2 | Us Bankruptcy Court Dist. Of Arizona | RR # 7008 1830 0003 7757 7076 |
| 3 | Clerk of the Court/ copy for Judge | RR # 7008 1830 0003 7757 7076 |
| 4 | 38 S. Scott | |
| 5 | Tucson Arizona 85701-1704 | |
| 6 | | |
| 7 | Stanley J. Kartchner | RR # 7008 1830 0003 7757 7083 |
| 8 | 7090 N. Oracle Road # 178-204 | |
| 9 | Tucson Arizona 85704 | |
| 10 | | |
| 11 | U.S. Trustee | RR # 7008 1830 0003 7757 7090 |
| 12 | 230 North 1st Avenue, Suite 204 | |
| 13 | Phoenix, AZ 85003-1706 | |
| 14 | | |
| 15 | Countrywide Home Loans, Inc. | RR # 7008 1830 0003 7757 7106 |
| 16 | dba America's Wholesale Lender | |
| 17 | C/O Mark S. Bosco, Esq. | |
| 18 | 2525 East Camelback Road Suite 300 | |
| 19 | Phoenix, Arizona 85016 | |

12/18/2008

_____  
Sabra Albritton

Arizona           )
                  ) ss ACKNOWLEDGMENT
Cochise County    )

On this 12th day of December, 2008, for the purpose of Verification of Signature only. I the undersigned Notary Public, being commissioned in the County noted above do declare the one known to me to be Sabra Albritton did execute this document and affix his Signature before me.

_____  
Notary

> DEBORAH A. PEDONE  
> NOTARY PUBLIC -- ARIZONA  
> COCHISE COUNTY  
> My Commission Expires  
> March 25, 2012

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

| | |
|---|---|
| **Debtor:** | SABRA ALBRITTON |
| **Case Number:** | 4:08-BK-12559-JMM  **Chapter:** 7 |
| **Date / Time / Room:** | MONDAY, DECEMBER 08, 2008 11:00 AM   COURTROOM 329 |
| **Bankruptcy Judge:** | JAMES M. MARLAR |
| **Courtroom Clerk:** | CINDY TURNBULL |
| **Reporter / ECR:** | BEVERLY GRANILLO |

## Matter:

PRELIMINARY HEARING ON MOTION FOR RELIEF FROM STAY RE: REAL PROPERTY LOCATED AT 2451 SIERRA BERMEJA DR. SIERRA VISTA, AZ. FILED BY COUNTRYWIDE HOME LOANS, INC.

**R / M #:** 18 / 0

## Appearances:

LEONARD J. MCDONALD, ATTORNEY FOR COUNTRYWIDE HOME LOANS, APPEARING BY PHONE
SABRA ALBRITTON, DEBTOR, APPEARING BY PHONE

## Proceedings:

MR. MCDONALD STATES THE TRUSTEE'S SALE HAS BEEN COMPLETED, AND HE NEEDS THE STAY LIFTED TO COMPLETE THE EVICTION PROCESS.

MS. ALBRITTON OBJECTS.

COURT: THE STAY WILL BE LIFTED, AND ANNULLED. MR. MCDONALD IS TO UPLOAD THE ORDER. MS. ALBRITTON IS TO CALL MR. MCDONALD TO TRY TO WORK SOMETHING OUT.